David **COOPER**, Plaintiff,

v.

**TAZEWELL SQUARE APARTMENTS, LTD.,** Defendant.

**Civ. A. No. 83–04584A.**

United States District Court, W.D. Virginia, Abingdon Division.

Jan. 12, 1984.

Martin Wegbreit, Castlewood, Va., for plaintiff.

Dennis Heileman, Tazewell, Va., for defendant.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

The case is before the court on plaintiff's motion for a preliminary and permanent injunction and defendant's motions to dismiss and to dissolve the temporary restraining order. The plaintiff, David Cooper, brought this action for temporary and permanent injunctions and declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202 and 42 U.S.C. § 1983, alleging that the defendant, Tazewell Square Apartments, Ltd., denied plaintiff his due process rights guaranteed to him under 42 U.S.C. § 1485 and 7 C.F.R. §§ 1944.551–.559 (1983). After an *ex parte* hearing on October 13, 1983, this court granted plaintiff's motion for a temporary restraining order and enjoined the defendant from evicting him through an action brought in General District Court in Tazewell County, Virginia, without first granting Mr. Cooper his due process rights under 42 U.S.C. § 1480(g) and 7 C.F.R. §§ 1944.551–.559. Jurisdiction over this case is based upon 28 U.S.C. §§ 1331 and 1343.[1]

The court extended the temporary restraining order until October 28, 1983 pursuant to an Agreed Order. On October 28, 1983, the court held a hearing regarding plaintiff's motion for a preliminary injunction and defendant's motions to dismiss and to dissolve the injunction, at which time the court consolidated the hearing with the trial of the action on the merits pursuant to Fed.R.Civ.P. 65(a)(2). At the conclusion of the trial, the court granted another extension of the injunction and took the case under advisement. As the parties have filed their discovery, admissions and memoranda of law, this case is ready for disposition. The issue is whether the court should issue a permanent injunction prohibiting the defendant from evicting the plaintiff until the defendant gives him a hearing before an impartial decision maker.

The plaintiff seeks relief under the Rural Rental Housing Loan Program of the

---

1. Plaintiff also alleges subject matter jurisdiction is based upon 28 U.S.C. § 1337. This court does not determine whether jurisdiction is based upon that provision since jurisdiction is founded upon the other provisions.

Housing Act of 1949, as amended, 42 U.S.C. §§ 1471–1490h. Under the Act,

[t]he Secretary is authorized to insure loans made to any individual, corporation, association, ... or partnership to provide rental or cooperative housing and related facilities for elderly or handicapped persons or families or other persons and families of moderate income in rural areas, in accordance with the terms and conditions substantially identical with those specified in section 1472 of this title; ....

42 U.S.C. § 1485(b). Section 1472 provides for the terms of the loan; if the Secretary determines that an applicant is eligible for assistance and that the applicant can repay the full amount of the loan, the loan may be made. 42 U.S.C. § 1472(a). Under Section 1490a, the Secretary is authorized not only to "make and insure loans under ... section 1485 ... of this title to provide rental or cooperative housing and related facilities for persons and families of low income in multifamily housing projects" but also to "make, and contract to make, assistance payments to the owners of such rental congregate, or cooperative housing in order to make available to low-income occupants of such housing rentals at rates commensurate to income and not exceeding 25 per centum of income." 42 U.S.C. § 1490a(a)(2)(A).

To carry out the provisions of subchapter III entitled Farm Housing, the Secretary has specific powers which Congress gave him. 42 U.S.C. § 1480. Under a general provision the Secretary is empowered "to make such rules and regulations as he deems necessary to carry out the purposes of this subchapter." § 1480(j). In the Housing and Community Development Amendments of 1978, Congress amended the act to add a new provision which provides that:

The Secretary shall have the power to—

(g) Rules and regulations for written notice of denial or reduction of assistance issue rules and regulations which assure that applicants denied assistance under this subchapter or *persons or organizations whose assistance under this subchapter is being substantially reduced or terminated* are given written notice of the reasons for denial, reduction or termination and are provided at least an opportunity to appeal an adverse decision and to present additional information relevant to that decision to *a person, other than the person making the original determination,* who has authority to reverse the decision ....

42 U.S.C. § 1480(g) (emphasis added.)

Using this power, the Secretary promulgated regulations entitled Farmers Home Administration Tenant Grievance and Appeals Procedure. 7 C.F.R. §§ 1944.-551–.559 [2]. The stated objective of this procedure is "to ensure the fair treatment of tenants while providing for an equitable manner by which borrowers can operate, maintain, and safeguard rental projects." 7 C.F.R. § 1944.552. Generally, this regulation provides a grievance and appeals process which satisfies due process requirements of notice and an opportunity to be heard to protect the right or prospective right of a tenant or an applicant to rural rental housing. With this statutory and regulatory background, the court turns to the factual setting in this case.

Tazewell Square Apartments, Ltd., a partnership organized under the laws of Virginia, entered into an agreement on October 8, 1983 with the Farmers Home Administration (FmHA), United States Department of Agriculture, for a loan made or to be made under the Rural Rental

**2.** The Secretary prefaced this regulation upon the authority in the Housing and Community Development Amendments of 1978.

FmHA amends Subpart L of Part 1944, Subchapter H, Chapter XVIII, Title 7, Code of Federal Regulations, Section 503 of the Housing and Community Development Amendments of 1978, Pub.L. 95–57, dated October 31, 1978, amended Section 510 of the

Housing Act of 1949 to expressly provide, among other things, for an appeals procedure for tenants in FmHA-financed dwelling units and persons denied admission as tenants. There is need for provision of such tenant grievance and appeals procedure to resolve problems and disputes between tenants and owners in FmHA-financed projects.

45 Fed.Reg. 70,841 (1980).

Housing Loan Program pursuant to §§ 515(b) and 521(a) of the Housing Act of 1949, as amended, 42 U.S.C. § 1485(a). Under the terms of the agreement, the loan is available "to provide rental housing and related facilities for eligible occupants." On August 1, 1981, the defendant and FmHA entered into a rental assistance agreement pursuant to § 521(a)(2)(A) of the Housing Act of 1949, as amended, whereby the government agreed to provide rental assistance for twenty-two units of housing for a term of five years or "upon the accumulated disbursement and/or credit to the borrower's account." The agreement is subject to present and future regulations of FmHA. Tazewell Square constructed the apartments from funds derived from the insured loan made under 42 U.S.C. § 1485(b), and it pays monthly mortgage payments to FmHA and submits certain required forms pursuant to 7 C.F.R. § 1930.124.

The plaintiff, David Cooper, pays $29.00 a month to live in an apartment at Tazewell Square, and the government subsidizes the remainder of the fair rental value. In a letter dated September 16, 1983, Kathy Mitchell, the property manager of Tazewell Square Apartments, Ltd., notified Mr. Cooper that he had breached the lease agreement by disturbing the peace and tranquility of other tenants, by failing to maintain a clean apartment and by violating the house rules. The manager requested that the plaintiff vacate the premises on or before October 1, 1983 and informed him of the right to a hearing pursuant to 7 C.F.R. § 1944.556 (Exhibit 1).

In response, the plaintiff filed a grievance in a letter dated September 19, 1983 which the manager received September 16, 1983 (Exhibit 2). In an undated letter, Ms. Mitchell informed him that "we will hold an informal hearing on September 26, 1983 at 9:00 a.m. ... in the office of Tazewell Square Apartments, Ltd. ... You may present your grievance at this time." (Exhibit 3).

Subsequently, Kathy Mitchell, Betty Whittaker, Beulah Long, David Cooper, and Martin Wegbreit attended the meeting on September 26. The evidence shows that the first three people serve on a standing hearing panel provided for under 7 C.F.R. § 1944.556. Two of them are permanent members: Beulah Long is the borrower's panelist, and Kathy Mitchell is a mutual panelist. Betty Whittaker is an alternate panelist for the tenants. After the meeting, the panel sent the plaintiff an undated copy of a summary of the meeting which states that "eviction stands as is [for] [f]ailure to comply with Lease Provisions and House Rules." Other occupants had filed later complaints about the noise from Mr. Cooper's apartment. (Exhibit 4). The plaintiff received the summary on October 4, 1983. An outline of the procedures for obtaining a hearing accompanied the summary. It advised the tenant that if he was dissatisfied with the decision, he could ask for a hearing by sending a written request to Tazewell Square Apartments within ten days after he received the summary. The procedures indicate that a standing hearing panel is available to conduct the hearing and that the panelists will hear the grievance within fifteen days after receiving the request. "The hearing will be an informal proceeding before a hearing officer or hearing panel at which both parties will have an opportunity to present their sides of the dispute." Both parties may have counsel present and may cross-examine all witnesses. (Exhibit 4).

On October 5, 1983, the following day, the defendant caused the General District Court of Tazewell County to issue a summons for unlawful detainer to have the plaintiff removed for non-compliance with the terms of his lease and for the monthly rent of $29.00 due October 1, 1983. A hearing was set for October 17, 1983. (Exhibit 5). Then, in a letter dated October 11, 1983, the plaintiff, through his attorney, requested a grievance hearing as provided in 7 C.F.R. § 1944.556(a). He also objected to the standing hearing panel because the members were partial decision makers and requested a complete, readable copy of his file. (Exhibit 6). When it became apparent that the defendant would prosecute the action in General District Court rather than grant the plaintiff an informal hearing, plaintiff sought declaratory and injunctive

relief in this court. Consequently, the defendant had the action dismissed in state court. With this background in mind, the court must determine whether injunctive relief is warranted pursuant to Fed.R. Civ.P. 65.

In determining whether this court should issue a permanent injunction, the court must decide (1) whether the plaintiff has succeeded on the merits; (2) if so, whether there is an adequate remedy at law; (3) whether the balance of hardship favors the plaintiff; (4) what injunctive relief is appropriate. *See Philadelphia Citizens in Action v. Schweiker,* 527 F.Supp. 182, 193 (E.D.Pa.1981), *rev'd,* 669 F.2d 877 (3d Cir. 1982); *Philadelphia Welfare Rights Org'n v. O'Bannon,* 525 F.Supp. 1055, 1057 (E.D. Pa.1981); *Sierra Club v. Alexander,* 484 F.Supp. 455, 471 (N.D.N.Y.), *aff'd mem.,* 633 F.2d 206 (2d Cir.1980); *Minnesota Public Interest Research Group v. Butz,* 358 F.Supp. 584 (D.Minn.1973), *aff'd,* 498 F.2d 1314 (8th Cir.1974).

### I.  Success on the Merits

The court must determine whether the plaintiff has succeeded on the merits of the case. The defendant argues that Mr. Cooper cannot succeed on the merits because the Secretary of Agriculture exceeded his statutory authority when he promulgated the Tenant Grievance and Appeal Procedure and thus the regulations are invalid. Furthermore, the defendant avers that if the procedure is valid, it has complied with the rules. This action challenges the authority of the Secretary to make the rules, not the procedure of adopting the rules under the Administrative Procedure Act, 5 U.S.C. § 553.

The thrust of defendant's argument revolves around the meaning of the clause "applicants denied assistance under this subchapter or persons or organizations whose assistance under this subchapter is being substantially reduced or terminated" in 42 U.S.C. § 1480(g). Tazewell Square argues that an "applicant" uniformly means a person or organization receiving a direct or insured loan from FmHA under subchapter III and that the Rural Rental Housing Loan Program provides "assist-

ance" only to owners of multifamily projects. The court does not agree with these contentions.

One canon of statutory construction requires that meaning be given to each word and phrase of the statute. The presumption is against redundancy. If the court adopts the defendant's argument that "applicant" is synonymous with "persons or organizations," then the statute is redundant. Thus, the phrase "persons or organizations" does not mean "applicants" for loans under this subchapter. The term "applicant" has the same purport as it does in 42 U.S.C. §§ 1471(a), 1471(c), 1472(a), 1473, 1485(a), 1485(b), 1486, and 1490a. To determine what the disputed clause means, the court must extract the significance of "assistance." Generally, "assistance" indicates help or aid supplied. *See, e.g., Black's Law Dictionary* 111 (rev. 5th ed. 1979). Reading the complete subchapter, the court concludes that there are two major groups receiving assistance: The applicants or owners of real estate obtain direct or insured loans to construct the dwellings, and low and moderate income persons receive subsidized housing under 42 U.S.C. § 1490a. This interpretation follows the plain, unambiguous meaning of the statute.

Tazewell Square allots a portion of its memorandum to the legislative history of the Housing and Community Development Amendments. When the statute is unambiguous on its face, there is no real need to consider its legislative history. *Brown v. Porcher,* 502 F.Supp. 946, 955–56 n. 17 (D.S.C.1980), *aff'd as modified,* 660 F.2d 1001 (4th Cir.1981). The court notes, however, that the history supports its interpretation. The House Conference Report evinces that the conferees intended for the appeals procedure to apply "to all persons or organizations, including tenants in FmHA financed dwelling units, whose assistance has been denied, substantially reduced or terminated." H.R.Con.Rep. No. 1792, 95th Cong., 2d Sess. 89, *reprinted in* 1978 U.S.Code Cong. & Ad.News 4773, 4909.

Pursuant to the power vested in him, the Secretary promulgated the Tenant Griev-

ance and Appeals Procedure. This court concludes that the regulations are validly authorized.

■ The defendant contends that if the regulations are valid, then Tazewell Square has substantially complied with them. Under the procedure, the borrower notifies the tenant in writing, by certified mail, giving specific reasons for the proposed eviction. This notice informs the tenant of his right to respond within ten days after receipt of the notice and of his right to a hearing. 7 C.F.R. § 1944.555(b). Within ten days, the tenant personally presents any reply to the notice of eviction, and an informal meeting between the borrower and tenant is held. The borrower prepares a summary of the meeting and sends a copy to the tenant. The summary particularizes the facts discussed at the meeting. 7 C.F.R. § 1944.555(c). Within ten days after receipt of the summary of the informal meeting, the tenant requests in writing a hearing. 7 C.F.R. § 1944.556(a). Either a hearing officer or standing hearing panel listens to the evidence. The selection procedure provides that "[t]he hearing officer shall be an *impartial, disinterested person* selected jointly by the borrower and the tenant and who is willing to render his/her services without compensation." 7 C.F.R. § 1944.556(b) (emphasis added). The hearing provides basic safeguards for both the borrower and the tenant: The parties have the right to have counsel present, to request a public hearing, to proffer evidence and argument to support their contentions, and to obtain a decision based solely on the facts submitted at the hearing. 7 C.F.R. § 1944.557. Within ten days after the hearing, the officer or panel prepares a written decision stating the reasons for the result. While the decision is binding upon the parties, it does not preclude them from seeking judicial relief. 7 C.F.R. § 1944.558.

Without deciding whether the meeting held on September 26, 1983 was an informal meeting described in 7 C.F.R. § 1944.-555(c) or a grievance hearing detailed in 7 C.F.R. § 1944.556, the court must determine whether the defendant complied with the provisions of 42 U.S.C. § 1480(g) and 7 C.F.R. § 1944.556(b) affording an impartial hearing officer or panelist. The court is of the opinion that Tazewell Square has violated both provisions. The facts clearly show that Kathy Mitchell, the property manager, who decided that Mr. Cooper should be evicted, also sat on the hearing panel as the mutual panelist and prepared the summary of meeting. She certainly was not an "impartial, disinterested person." Congress enacted the statute to prevent this type of action, for the statute plainly states that a person whose assistance is substantially reduced has a right to appeal to "a person, other than the person making the original determination . . . ." 42 U.S.C. § 1480(g). In light of the clear violation of the validly authorized statute, the plaintiff has succeeded on the merits of the case.

## II. Adequacy of Legal Remedy

■ "The basis of injunctive relief in federal courts has always been irreparable harm and inadequacy of legal remedies." *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 506, 79 S.Ct. 948, 954, 3 L.Ed.2d 988 (1959) (footnote omitted). If the plaintiff shows these two elements, the court may grant injunctive relief.

The issue is whether an action for unlawful entry and detainer in General District Court is an adequate remedy at law which precludes the plaintiff from obtaining injunctive relief. Tazewell Square argues that the General District Court will furnish Mr. Cooper with an impartial decision maker and therefore he is not entitled to an injunction.

The plaintiff alleges that the state action is deficient because the notice of reasons for eviction is inadequate, the tenant's access to materials in his folder is insufficient, and the written decision of the General District Court is a summary opinion.[3]

---

**3.** While the plaintiff alleges these three deficiencies are of constitutional significance, the court will consider whether they are inadequate when compared to the regulations under 7 C.F.R.

§ 1944.556 since the purpose of the authorizing statute, 42 U.S.C. § 1480(g), is to change "provisions [which] are seriously deficient in terms of both procedural and substantive due process

Specifically, the initial notice is inadequate, for the summons provides only three lines on which the borrower states his reasons for eviction. The General District Court "may" request a bill of particulars, but Rule 1:4A of the Rules of the Supreme Court of Virginia do not require it to request one. Thus, the plaintiff asserts that he has no guarantee of adequate notice. Secondly, the plaintiff contends that since Rule 4 of the Rules of the Supreme Court of Virginia do not apply to General District Court, his right to discover what materials are in his file is impaired. Finally, plaintiff alleges that the summons provides no space for a written decision and that a General District Judge is not constrained to issue a formal opinion. On these three bases, the plaintiff contends the unlawful entry and detainer statute falls short of constitutional standards. Since this argument is a procedural due process attack upon Va.Code §§ 8.01–124 to –130 (Repl. Vol.1977) and since the Attorney General of Virginia has not been made a party to this action, the court cannot decide this issue.

■ Nevertheless, the court is of the opinion that an unlawful detainer action is not an adequate remedy at law. Under Virginia law, a landlord may terminate a month-to-month lease without cause by giving a thirty-day notice and a year-to-year tenancy by giving three months' written notice. Va.Code § 55–22 (Repl.Vol.1981). If a landlord thinks a tenant is unlawfully detaining an apartment, the landlord may present a sworn statement of facts authorizing the removal of the tenant to a magistrate, clerk or judge of a General District Court. Then the official shall issue a summons against the tenant and have it served upon him. After the service is returned, the judge of the General District Court

hears and decides the case. Va.Code § 8.01–126. *See Anderson v. Denny*, 365 F.Supp. at 1260–61. (Judge Turk decided "there [is] no reason why the property rights [which the plaintiff] has in her tenancy ..., cannot be protected in state courts."). Congress has afforded low-income tenants additional safeguards before a borrower under 42 U.S.C. §§ 1485 and 1490a may evict the resident. One safeguard expressly afforded to these tenants is an opportunity to appeal to a person who did not make the original determination. The defendant has denied the plaintiff his right to an impartial decision maker. An action in General District Court is no substitute. Yet, "the decision of the hearing officer or hearing panel does not preclude either party's right *thereafter* to seek relief through the courts." 7 C.F.R. § 1944.-558 (emphasis added). Thus, the borrower must afford the tenant the protections set forth in the Tenant Grievance and Appeals Procedure before resorting to state action.

This case is distinguishable from *Swann v. Gastonia Housing Authority*, 675 F.2d 1342 (4th Cir.1982). In that case, the Gastonia Housing Authority (GHA), a public housing agency, administered a § 8 Existing Housing Program pursuant to 42 U.S.C. § 1437f and 24 C.F.R. pt. 882. GHA furnished rent subsidies for tenants in the program. The terms of the lease provided for automatic renewals unless the termination procedure was followed. Under the regulation, the landlord sent the notice to vacate to the tenant and a copy to the agency for its approval. The tenant might present his objections to the agency, but the GHA was not required to hold a hearing before evicting. 675 F.2d at 1344. A landlord under the program sought to evict the Swanns without following the proce-

and in the arbitrary limitation of their availability to only certain classes of FmHA borrowers." S.Rep. No. 871, 95th Cong., 2d Sess. 39 *reprinted in* 1978 U.S.Code Cong. & Ad.News 4773, 4812. Other legislative history shows that

the conferees expect that the Secretary will insure that such appeals procedure will include at least a written notice of the ability to appeal an adverse decision, an opportunity to appeal to a person who had no role in making

the original determination and who has the authority to reverse the decision, an opportunity to inspect agency records relevant to the initial decision, to present additional relevant information and to receive the reviewing official's final decision with supporting reasons in writing.

H.R.Con.Rep. 1792, 95th Cong., 2d Sess. 89, *reprinted in* 1978 U.S.Code Cong. & Ad.News 4773, 4909.

dures. The district court held that the process due was a hearing by GHA which complied with the standards of procedural due process. The Fourth Circuit reversed in part, holding that

the landlord can never avail himself of a summary end-of-term eviction proceeding in state court. The eviction proceeding in state court must be brought, if at all, for cause. That proceeding will provide the tenant with all the process that is due. A hearing before the housing agency therefore is not constitutionally required.

675 F.2d at 1348. The appellate court noted in dicta that "the difference between various quasi-public housing programs may be crucial when a court must determine the scope of a tenant's constitutionally protected expectations and whether an eviction constitutes state action." 675 F.2d at 1346. In the instant case, the statute and regulations set up an appeals procedure which did not exist in the § 8 Existing Housing Program in *Swann.* The case at bar is similar to *Caulder v. Durham Housing Authority,* 433 F.2d 998 (4th Cir.1970), *cert. denied,* 401 U.S. 1003, 91 S.Ct. 1228, 28 L.Ed.2d 539 (1971). In that case, the court held that "when a public landlord determined to evict a tenant by reason of her family's conduct, the tenant was entitled to a hearing." *Swann v. Gastonia Housing Authority,* 675 F.2d at 1348. Caulder lived in a public housing project owned and operated by the Housing Authority of the City of Durham under a lease creating a month-to-month tenancy. After she attended a meeting at which she learned that several neighbors had complained about her children, the Housing Authority sent her a notice terminating her lease. Although the executive director later read complaints to her, a hearing complying with due process standards and affording Caulder notice of the reasons for termination and an opportunity to confront and cross-examine witnesses did not occur. The district court enjoined the Housing Authority from evicting her until she was given a due process hearing. In the instant case, the statute and regulations establish a reviewing process outside the courts. Mr. Cooper has not

received a hearing meeting the standards of that process. The unlawful detainer action is not an adequate remedy at law to protect the statutory and regulatory procedures afforded the plaintiff.

### III. Balance of Hardships

■ To balance the hardships to the parties, the court must determine what effect an injunction would have upon them. Plaintiff alleges that he will be irreparably harmed if the injunction is denied: Specifically, deprivation of his statutory and constitutional right to a due process hearing is *per se* irreparable injury, and threatened loss of a governmental benefit inflicts substantial harm. Mr. Cooper contends that if an injunction is not issued, the defendant will file another summons for unlawful entry and detainer and evict him from his federally subsidized apartment. Indeed, such action would deprive the plaintiff of his low-rental housing. The apartment costs him $29.00 a month; the government pays the difference between the actual rent he pays and the fair rental value. *See Majors v. Green Meadows Apartments, Ltd.,* 546 F.Supp. 895, 897 (S.D.Ga.1980). If he were evicted, he would not find similar housing at that price. *See Anderson v. Denny,* 365 F.Supp. 1254, 1259 (W.D.Va. 1973) ("Eviction of a tenant [from an apartment financed pursuant to § 236 of the National Housing Act of 1968] obviously results in a deprivation of this benefit which can fairly be described as a necessity.") Hence, the plaintiff will suffer a substantial loss.

The evidence shows that the hearing panel did not comply with the clear language of the statute and regulations, for Kathy Mitchell, who sent the notice terminating the lease, sat on the panel. If the injunction is not issued and the defendant successfully evicts him, the plaintiff will lose his right to appeal to an impartial decision maker as provided under the statute and regulations as well as his governmental benefit, which will cause a substantial hardship. Yet, if the court issues the injunction, the defendant must afford Mr. Cooper a hearing before an impartial per-

son before evicting him from his federally subsidized housing. Certainly, the injunction benefits the plaintiff.

The plaintiff further asserts that the defendant will suffer little harm. If the injunction is granted, the defendant will be required to give the plaintiff a hearing, as specified in 7 C.F.R. § 1944.556 before seeking relief in the state courts. The hearing will not cost the defendant anything because hearing officers "must be willing to render their services without compensation." 7 C.F.R. § 1944.556(b). Furthermore, the defendant will suffer no loss of rent, for the tenant must make his rental payments "on a timely basis while the appeal is in process." 7 C.F.R. § 1944.-554(a)(6). The plaintiff contends that he tendered the rental payment for October and will tender it again in order to comply with the regulations. Defendant has not asserted that it will suffer any harm if the injunction is granted. Thus, considering the benefit and hardship inflicted upon the parties by the issuance of the injunction, the court concludes the balance of hardship falls in plaintiff's favor.

### IV. Relief

Since injunctive relief is appropriate, the defendant, Tazewell Square Apartments, Ltd., its employees, agents, successors, assigns, and those persons acting in concert with them are permanently enjoined from seeking to evict the plaintiff, David Cooper, in the General District Court of Tazewell County, Virginia, without first granting the plaintiff his statutory right to a hearing by an impartial decision maker. Since the action taken by the defendant violated the provisions of the statute and regulations, the court will refrain from deciding whether the action also violated fundamental principles of due process. *See Thorpe v. Housing Authority of the City of Durham*, 393 U.S. 268, 283–84, 89 S.Ct. 518, 526–27, 21 L.Ed.2d 474 (1969). The defendant's motions to dismiss and to dissolve the temporary restraining order are hereby denied.